# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br> vs. <br> BRANDON HAYES, <br><br> Defendant. | No. CR14-4082-MWB <br><br> **ORDER REGARDING DEFENDANT'S MOTION TO DISMISS** |

## *I.  INTRODUCTION AND BACKGROUND*

Defendant Brandon Lee Hayes is charged with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e)(1) (Count 1), possessing a firearm with an obliterated serial number, in violation of 18 U.S.C. §§ 922(k) and 924(a)(2) (Count 2), and possessing a firearm after having been convicted of a misdemeanor crime of domestic violence, in violation of 18 U.S.C. §§ 922(g)(9), and 924(a)(2) (Count 3).  A Mossberg Model 500AB, 12 gauge shotgun is the firearm Hayes allegedly possessed.[1]  This case is before me on Hayes's Motion to Dismiss (docket no. 93).  Hayes argues that it is impossible for him to have possessed a firearm, as charged in the indictment, because "shotguns are not considered firearms under Chapter 921."  Motion to Dismiss at ¶ 5.  The prosecution has filed a timely resistance to Hayes's motion.

---

[1] A shotgun is "a smoothbore shoulder weapon for firing shot at short ranges." MERRIAN WEBSTER'S COLLEGIATE DICTIONARY 1085 (10th ed. 1993).

## II. LEGAL ANALYSIS

Hayes initially points to the definition of "destructive device" under 18 U.S.C. § 921(a)(4)(B), which excludes certain shotguns.[2] Section 921(a)(3) of Title 18, however, defines "firearm" as "any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive . . . or any destructive device." 18 U.S.C. § 921(a)(3). Although the definition of "destructive device" which follows at § 921(a)(4)(B) may exclude certain shotguns, there is no parallel exclusion for such shotguns in the definition of "firearm" in § 921(a)(3). Indeed, "shotguns" have been held to meet the statutory definition of "firearm," whether operable or not. *See United States v. Adams,* 137 F.3d 1298, 1299 (7th Cir. 1998) (holding that shotgun met the definition of a firearm under § 921(a)(3) and the prosecution "need not show that a firearm is operable"); *United States v. Perez*, 897 F.2d 751, 754 (5th Cir. 1990) (holding that an inoperable shotgun "is nonetheless a firearm."); *United States v. Mitchell*, 557 F.2d 1290, 1291–92 (9th Cir. 1977) ("The fact that Congress distinguished rifles and shotguns from other firearms for purposes of other restrictions elsewhere in the Act, e.g. 18 U.S.C. § 922(b)(1), demonstrates that under 18 U.S.C. § 922(h) Congress, by using the comprehensive term 'firearm' without qualification, did not intend to remove rifles and shotguns from the reach of this provision.").

---

[2] In his motion, Hayes cites 18 U.S.C. § 921(b), but that section concerns Armed Forces members on active duty. Hayes likely meant to cite 18 U.S.C. § 921(a)(4)(B) based on his argument. That section defines "destructive device" to include:

> any type of weapon (other than a shotgun or a shotgun shell which the Attorney General finds is generally recognized as particularly suitable for sporting purposes) by whatever name known which will, or which may be readily converted to, expel a projectile by the action of an explosive or other propellant, and which has any barrel with a bore of more than one-half inch in diameter. . . .

18 U.S.C. § 921(a)(4)(B).

Hayes also relies on 26 U.S.C. § 5845 of the National Firearms Act. That reliance is entirely misplaced. The National Firearms Act, 26 U.S.C. § 5801, *et seq.*, requires the registration of "firearms" by manufacturers, importers, and makers thereof. 26 U.S.C. § 5841. Under 26 U.S.C. § 5861(d), it is unlawful for any person "to receive or possess a firearm which is not registered to him in the National Firearms Registration and Transfer Record." The term "firearm" is defined in the National Firearms Act as

> (1) *a shotgun* having a barrel or barrels of less than 18 inches in length; (2) a weapon made from a shotgun if such weapon as modified has an overall length of less than 26 inches or a barrel or barrels of less than 18 inches in length; (3) a rifle having a barrel or barrels of less than 16 inches in length; (4) a weapon made from a rifle if such weapon as modified has an overall length of less than 26 inches or a barrel or barrels of less than 16 inches in length; (5) any other weapon, as defined in subsection (e); (6) a machinegun; (7) any silencer (as defined in section 921 of title 18, United States Code); and (8) a destructive device. . . .

26 U.S.C. § 5845(a) (emphasis added). The Mossberg shotgun at issue here is not alleged to be one that requires such registration and Hayes has not been charged with violating § 5861(d).

Accordingly, because the Mossberg shotgun here clearly qualifies as a firearm under § 921(a)(3), Hayes's Motion to Dismiss is denied.

**IT IS SO ORDERED**.

**DATED** this 9th day of December, 2015.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA