**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>BRANDON LEE HAYES,<br><br>　　　　Defendant. | No. CR14-4082-LTS<br><br>**REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS** |

## *I.　　INTRODUCTION*

The grand jury charged defendant Brandon Lee Hayes in a three-count indictment with firearms offenses. Doc. 2. Defendant moves to dismiss the indictment, alleging an agent testified erroneously during a detention hearing and that the government used an informant in violation of an internal Department of Justice policy. Doc. 146. Defendant's motion is untimely, and his pleading fails to comply with local rules; and, on that ground alone, I recommend it be denied. Alternatively, I recommend his motion be denied on the merits.

## *II.　　DISCUSSION*

Defendant's motion is untimely and fails to comply with the local rules. The deadline for filing a motion to dismiss passed more than a year ago. Defendant was arraigned on November 21, 2014. Doc. 7. Motions to dismiss had to be filed within 28 days of his arraignment, which would have been December 19, 2014. Doc. 133, at 2; LCrR 12(a). It is now one year and more than three months later. Defendant has not shown good cause to justify this untimely motion. LCrR 12(e). Moreover,

defendant filed the untimely motion without seeking leave of the court, and filed a motion without a supporting brief, in violation of LCrR 47 and LR 7. I recommend the court deny defendant's motion because it is untimely and failed to comply with the Local Rules.

Turning to the merits of defendant's motion, he characterizes his pleading as raising two issues. The first issue relates to an agent apparently testifying inaccurately at a detention hearing regarding whether defendant communicated with the agent in a "recorded call" or a text message. Doc. 146, at 1-4. The second issue is whether the court should dismiss the indictment because the government allegedly used an informant in violation of an internal Department of Justice policy.

### A. *The Agent's Testimony at a Detention Hearing*

Defendant alleges ATF Special Agent Dodds testified at a detention hearing that on November 12, in a recorded call, defendant asked Agent Dodds to stop by his new house. Doc. 146, at 2. Defendant claims the government later provided documents to him in discovery that reveals this communication was a text message, not a recorded call. Doc. 146, at 3. Defendant alleges the agent's allegedly mistaken testimony was either simply "inaccurate" or "this recorded phone call has been deliberately lost or misplaced." Doc. 146, at 3. Defendant then boldly argues the "failure to rectify the erroneous testimony under oath should be grounds for dismissal of the charges" or alternatively, "this court should determine that ATF [Agent] Dodd's prior testimony was based upon purported information from a former confidential informant who was fired because of his on-going criminal actions/reliability." *Id*. Defendant cites no legal authority that would support his assertion there are grounds to dismiss the indictment based on this representation. Defendant then goes on to allege that during the detention hearing, the government did not disclose to the court that the informant, upon whom the agent relied,

was "fired" and was "scamming money out of others." *Id*. Defendant alleges this is *Brady* violation. Doc. 146, at 3-4.

The government argues the court should disregard defendant's fact-specific arguments on the first issue because it constitutes an improper basis for a motion to dismiss. Doc. 165, at 2-3. The government misses the mark, however, as defendant is not here raising a sufficiency of the evidence argument like the defendant did in *United States v. Baker*, CR14-4088-MWB, Doc. 52. Rather, defendant's shotgun pleading under the first issue actually raises multiple issues, each of which I will address in turn.

1. Did the agent testify incorrectly at the detention hearing?

Although defendant alleges the agent's testimony was incorrect, defendant has not provided evidence from which the court could possibly make this determination. Defendant did not provide a transcript of the detention hearing or a copy of the text message at issue. Accordingly, the court is unable to even determine at this point whether the agent misspoke. Moreover, it appears immaterial whether the communication was by text or call.

2. Was the agent's allegedly inaccurate testimony accidental or intentional?

Because defendant has provide the court with no evidence regarding the agent's testimony at the detention hearing, the court has no basis to determine if any inaccurate testimony resulted from an honest error or was a deliberate misstatement. Defendant has proffered nothing in his pleading that would support a conclusion that the agent knowingly committed perjury. Defendant's suggestion that the testimony was the product of a deliberate concealment of an audio recording is rank.

3. What relief is available if the agent misspoke?

Defendant argues the court should dismiss the charges based on the alleged erroneous testimony at a detention hearing. He has not asked for a reconsideration of the order detaining him. He has provided no legal authority that would support a

dismissal of charges based on the erroneous testimony of an agent during a detention hearing, and I could find none. Alternatively, defendant argues the court should conclude the agent's testimony was based on information from an informant. There is absolutely nothing that would support that conjecture.

    4. <u>Was the confidential informant fired or unreliable?</u>

Although defendant asserts the Confidential Informant was fired and was "scamming money" while working as an informant, there is no evidence before the court from which it could possibly make that finding. If this evidence exists, defendant can bring it out at trial to attack the credibility of the informant or the reliability of the government's case.

    5. <u>Did the Government Violate *Brady* by Failing to Disclose Information?</u>

Defendant argues that the agent's failure to disclose at the detention hearing that the informant was fired and scamming money violated *Brady v. Maryland*, 373 U.S. 83 (1963). Assuming the informant was fired and did scam money, and further assuming that the information was exculpatory under *Brady*, that does not mean the government had a duty to disclose this information at the detention hearing. Defendant cites no cases, and I could find none, that hold that the government has an obligation to disclose *Brady* material in relation to a detention hearing. Rather, *Brady* requires the government to disclose exculpatory information in time that a defendant can effectively use it at trial. *United States v. Jeanpierre*, 636 F.3d 416, 422 (8th Cir. 2011). Defendant clearly has the information now, in advance of trial, and so his *Brady* argument fails.

## B. *Use of an Informant in Alleged Violation of Department of Justice Policy*

Defendant's second argument is that the government used an informant in violation of an internal Department of Justice policy because the government used the informant in a "controlled buy of a firearm" prior to him being "signed up" as an informant, and

continued to use him after he was allegedly fired.  Doc. 146, at 4.  Defendant argues this is in violation of Department of Justice Policy (although purporting to quote the policy, defendant does not provide a citation to the policy).  *Id*. at 5.  Defendant claims this is all supported by evidence produced in discovery, although defendant provided no exhibits to the court from which it could possibly determine the facts.  Fortunately, the court need not delve into the facts here.

Even if the agent violated Department of Justice policy in working with an informant (a finding I do not and cannot make at this time), it does not provide a legal basis for the court to dismiss the indictment.  In defendant's brief, he included a singularly unhelpful and largely irrelevant five-page quote from a case in the Ninth Circuit Court of Appeals generally setting forth a court's authority to dismiss an indictment.  Doc. 146, at 6-10.  Nothing in that case, or authorities cited therein, support the contention that the court has the authority to dismiss an indictment because an agent violated an internal Department of Justice policy regarding the use of informants.

Contrary to defendant's argument, internal agency guidelines do not create any legal rights for criminal defendants.  *See In re United States*, 197 F.3d 310, 315 (8th Cir. 1999) (holding that "an internal policy [regarding death penalty procedures] 'confers no substantive rights on the accused[,]' *United States v. Moore*, 822 F.2d 35, 38 (8th Cir.1987) (*per curiam*), and its implementation by DOJ 'cannot form the basis of a claim [by a defendant] that the prosecution was improper.'") (citing *United States v. Lester*, 992 F.2d 174, 176 (8th Cir. 1993)).  Indeed, the Eighth Circuit Court of Appeals has specifically held that there is no authority for dismissing an indictment for a violation of internal Department of Justice policies regarding the use of confidential informants.  *See United States v. Wilson*, 2009 WL 702503, at *5 (8th Cir. Mar. 19, 2009) (unpublished) (holding "there is no statutory or case law authority for the dismissal of the indictment" even if the government violated internal Department of Justice confidential informant

5

policy). *See also United States v. Christie*, 624 F.3d 558, 573 (3rd Cir. 2010) (holding that, even assuming the government violated internal Department of Justice confidential informant policy, it did not constitute a valid ground to dismiss charges); *cf. United States v. Caceres*, 440 U.S. 741, 743, 745-46 (1979) (refusing to apply the exclusionary rule where the IRS violated internal regulations regarding electronic monitoring in a criminal investigation).

Defendant alternatively argues that if the court denies his motion to dismiss, then it should impose the sanction of barring the ATF agent from testifying. Doc. 146, at 11. Defendant cites no legal authority for this sanction. Assuming the court has the authority to do so, I recommend the court not impose such a sanction. First, as mentioned above, there is an insufficient record before the court from which it could establish the validity of defendant's claim that the agent used an informant in violation of Department of Justice policy. Second, assuming the agent violated the internal policy, there is no basis from which to determine whether the violation was inadvertent or intentional. Third, striking an agent as a witness regarding matters unrelated to the use of the informant would constitute a disproportionate sanction. Finally, even if the agent violated the policy, the policy confers no legal right to an accused. Courts should not be dragged into policing compliance with internal agency policies.

### III. CONCLUSION

For the foregoing reasons, I RESPECTFULLY RECOMMEND that defendant's motion to dismiss (Doc. 146) be **denied**.

Objections to this Report and Recommendation in accordance with 28 U.S.C. § 636(b)(1) and Fed.R.Crim.P. 59(b) must be filed within fourteen (14) days of the service of a copy of this Report and Recommendation. Objections must specify the parts

of the Report and Recommendation to which objections are made, as well as the parts of the record forming the basis for the objections. *See* Fed.R.Crim.P. 59. Failure to object to the Report and Recommendation waives the right to *de novo* review by the district court of any portion of the Report and Recommendation as well as the right to appeal from the findings of fact contained therein. *United States v. Wise*, 588 F.3d 531, 537 n.5 (8th Cir. 2009).

**IT IS SO ORDERED** this 11th day of April, 2016.

_____
C.J. Williams
United States Magistrate Judge
Northern District of Iowa