# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>BRANDON LEE HAYES,<br><br>    Defendant. | No. CR14-4082-LTS<br><br>**ORDER** |

This matter is before me on a Report and Recommendation (R&R) in which the Honorable C.J. Williams, United States Magistrate Judge, recommends that I deny defendant's motion to dismiss. *See* Doc. No. 172. The defendant filed a timely objection to the R&R. *See* Doc. No. 174

## I.     BACKGROUND

### A. *Relevant Procedural History*

While this case has a long, and somewhat unusual, procedural history, I find it unnecessary to provide a detailed summary here. In short form, on November 18, 2014, the grand jury returned an indictment (Doc. No. 2) charging defendant with three counts related to the possession of a firearm. For various reasons, defendant's current counsel is the fourth attorney to represent him in this case, having been appointed on August 26, 2015. On November 20, 2015, defendant filed a motion (Doc. No. 93) to dismiss the indictment. That motion was denied by order (Doc. No. 105) filed December 9, 2015. Ultimately, trial was scheduled to begin April 18, 2016. *See* Doc. No. 126.

On March 31, 2016 (just 18 days before trial), defendant filed his second motion (Doc. No. 146) to dismiss the indictment. The filing of such a motion at that late date

required a continuance of trial. *See* Doc. No. 149. On April 11, 2016, Judge Williams issued his R&R recommending that the second motion to dismiss be denied. Defendant filed his objection (Doc. No. 174) on April 14, 2016, and, for the first time, requested a hearing. On April 26, 2016, I conducted a hearing on the objection. Neither party presented testimony but defendant offered Exhibits G, H, I and J, all of which were received without objection.

B.     *Relevant Facts*

In his motion to dismiss, defendant argues that Government witness Zane Dodds, an ATF agent, gave false testimony on November 25, 2014, during defendant's detention hearing. Defendant also contends the Government improperly relied on a confidential informant (George Nelson) and failed to give timely notice to defendant – or the court – of information casting doubt on Nelson's credibility.

In his R&R, Judge Williams correctly noted that the second motion to dismiss is untimely and includes no explanation of circumstances that might demonstrate good cause for such an untimely (indeed, last-minute) filing. Judge Williams also observed, correctly, that the motion is based largely on unsupported factual assertions, such as: "George Nelson is then fired as a confidential informant on July 25, 2014, because while he was helping the ATF Agents acquire firearms, he was also putting ads on Craigslist to rent a house he does not own and scamming people out of money." Doc. No. 146 at 4. Defendant did not attach exhibits to the motion. Nor did he request a hearing or otherwise signal any desire to submit supporting evidence. Because no evidence was submitted, the R&R includes no specific findings of facts. Rather, Judge Williams addressed each of the defendant's arguments in turn. I will do the same.

2

## II.     APPLICABLE STANDARDS

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). However, a district judge may elect to review an R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985).

## III.  DISCUSSION

Defendant filed an objection that appears to address the entire R&R.  As such, I will review each portion of the R&R on a *de novo* basis.

### A.  *Timeliness*

The first issue addressed by the R&R is the timeliness of defendant's motion. Judge Williams found that:

> [D]efendant filed the untimely motion without seeking leave of the court, and filed a motion without a supporting brief, in violation of LCrR 47 and LR 7.  I recommend the court deny defendant's motion because it is untimely and failed to comply with the Local Rules.

Doc. No. 172 at 1-2.  In his objection, defendant notes that he is on his fourth appointed attorney and states:

> We have just recently received *Jencks* material.  It would have been impossible for defense counsel or any other non-clairvoyant to have come up with the legal arguments raised in the Motion to Dismiss.  Accordingly, Defendant resists the Court's finding that the Motion to Dismiss was not timely since the information has just recently been revealed.  Allowing such a ruling would give the Government a double advantage.  It would encourage the Government to hide relevant information until after the twenty-eight (28) day time frame of a motion to dismiss and then have the Government produce the exculpatory information that might support a motion to dismiss on the twenty-ninth (29th) day.  Fortunately US Attorney's office has an open file policy and the Courts' generally recognize this fact. The local court usually allows some leeway for Defendants and their counsel.

Doc. No. 174 at 1-2.

Nothing in defendant's objection actually disputes that the motion to dismiss was untimely or that defendant violated this court's rules by filing an untimely motion without leave of the court.  In fact, during the hearing defendant's attorney admitted that:  (1) the motion to dismiss was filed untimely; (2) "no one outside this district" would know why

the motion was filed untimely; and (3) the motion could have included an explanation as to why it was necessary to file the motion late. Because all of this is beyond dispute, Judge Williams correctly found that the motion to dismiss is untimely.

Based on my *de novo* review, however, which includes consideration of information presented in the objection and during the hearing, I find that good cause did, in fact, exist for the untimely filing. It appears to be undisputed that defendant and his counsel only recently received the materials that gave rise to the motion. As such, and regardless of whether the motion has merit, it could not have been filed on a timely basis. If defendant would have taken the trouble to seek leave to file an untimely motion, and to provide this simple explanation, it is almost-certain that such leave would have been granted. Thus, while I neither understand nor condone the practice of ignoring the court's rules and filing an untimely motion without explanation, I will not deny the motion on this basis. In light of new information that was not available to Judge Williams when he filed the R&R, I decline to accept that portion of the R&R in which Judge Williams' recommends that the motion to dismiss be denied as untimely. I will therefore address the merits of the motion.

### B.  *Agent Dodds' Testimony*

Defendant argues that Agent Dodds testified falsely during the detention hearing when he stated that certain information came from a recorded phone conversation, as that information actually came from text messages. Judge Williams found:

> Although defendant alleges the agent's testimony was incorrect, defendant has not provided evidence from which the court could possibly make this determination. Defendant did not provide a transcript of the detention hearing or a copy of the text message at issue. Accordingly, the court is unable to even determine at this point whether the agent misspoke. Moreover, it appears immaterial whether the communication was by text or call.

Doc. No. 172 at 3.

5

Defendant's Exhibit G is a partial transcript from the detention hearing. That exhibit does not include page 16, which apparently contains the alleged-false testimony. Accordingly, defendant has *still* failed to provide basic evidence supporting this argument. Moreover, during the hearing on defendant's objection to the R&R, defense counsel acknowledged that the discrepancy at issue (communications by text message rather than communications by telephone) is not particularly material.

At the same time, the Government seemingly conceded during the hearing that there is no evidence of recorded telephone calls and that the communications between Dodds and the informant likely occurred via text message. In other words, it appears to be the case that Dodds erred in testifying that the communications were by telephone. Even assuming this is true, however, defendant has failed to present a viable legal argument. He cites no authority supporting his position that a case agent's mistake while testifying at a detention hearing requires dismissal of the indictment. At most, defendant relies on the court's inherent supervisory powers over federal law enforcement agencies. Doc. No. 146 at 7-8.

In the absence of any legal authority, controlling or otherwise, supporting defendant's argument, I accept that portion of the R&R in which Judge Williams concluded that defendant is not entitled to dismissal based on Dodds' allegedly-inaccurate testimony. Defendant's objection to that portion of the R&R is overruled.

C.   *The Informant*

Defendant also raises several issues related to the Government's confidential informant (Nelson). First, defendant alleges that the informant was fired for unrelated criminal activity. Second, defendant alleges that the informant was not hired or employed in conformity with the Government's applicable policies and regulations. Finally, defendant alleges that information relating to the informant was not disclosed until recently and that this constituted a violation of *Brady v. Maryland*, 373 U.S. 83 (1963).

6

As with the previous argument, Judge Williams correctly stated: "Defendant claims this is all supported by evidence produced in discovery, although defendant provided no exhibits to the court from which it could possibly determine the facts." Doc. No. 172 at 5. Again, based on the information of record at the time of the R&R, Judge Williams was correct and had no choice but to recommend that the motion be denied. As with the timeliness issue, however, defendant has since supplemented the record with additional information that I will consider as part of my *de novo* review. Defendant's Exhibit H is a memo dated August 12, 2014, indicating that the informant's services were discontinued as of July 25, 2014, because the informant was "running a scam on Craigslist." Ex. H at 1. Exhibit I documents the Government's payment to the informant while Exhibit J contains the Government's guidelines for using confidential informants.

Based on Exhibit H, it appears that the confidential informant was discharged due to dishonest conduct after June 23, 2014 (the date of defendant's alleged offenses), but before November 25, 2014 (the date of the detention hearing). Once again, however, defendant cites no authority suggesting that an indictment must be dismissed because an individual who acted as a Government informant at the time of the defendant's alleged offense later engaged in unrelated, dishonest conduct. "An indictment is legally sufficient on its face if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution." *United States v. Carter*, 270 F.3d 731, 736 (8th Cir. 2001). The fact that grounds may exist for a vigorous attack on the credibility of a Government witness does not impact the validity of an otherwise-sufficient indictment. I will overrule defendant's objection as to this portion of the R&R and accept Judge Williams' recommendation.

Similarly, defendant's argument for dismissal on grounds that the Government's use of the confidential informant violated its own internal policies must also be denied. Judge Williams explained:

> Even if the agent violated Department of Justice policy in working with an informant (a finding I do not and cannot make at this time), it does not provide a legal basis for the court to dismiss the indictment. In defendant's brief, he included a singularly unhelpful and largely irrelevant five-page quote from a case in the Ninth Circuit Court of Appeals generally setting forth a court's authority to dismiss an indictment. Doc. 146, at 6-10. Nothing in that case, or authorities cited therein, support the contention that the court has the authority to dismiss an indictment because an agent violated an internal Department of Justice policy regarding the use of informants. Contrary to defendant's argument, internal agency guidelines do not create any legal rights for criminal defendants. *See In re United States*, 197 F.3d 310, 315 (8th Cir. 1999) (holding that "an internal policy [regarding death penalty procedures] 'confers no substantive rights on the accused[,]' *United States v. Moore*, 822 F.2d 35, 38 (8th Cir.1987) (*per curiam*), and its implementation by DOJ 'cannot form the basis of a claim [by a defendant] that the prosecution was improper.'") (*citing United States v. Lester*, 992 F.2d 174, 176 (8th Cir. 1993)). Indeed, the Eighth Circuit Court of Appeals has specifically held that there is no authority for dismissing an indictment for a violation of internal Department of Justice policies regarding the use of confidential informants. *See United States v. Wilson*, 2009 WL 702503, at *5 (8th Cir. 2009) (unpublished) (holding "there is no statutory or case law authority for the dismissal of the indictment" even if the government violated internal Department of Justice confidential informant policy). *See also United States v. Christie*, 624 F.3d 558, 573 (3rd Cir. 2010) (holding that, even assuming the government violated internal Department of Justice confidential informant policy, it did not constitute a valid ground to dismiss charges); *cf. United States v. Caceres*, 440 U.S. 741, 743, 745-46 (1979) (refusing to apply the exclusionary rule where the IRS violated internal regulations regarding electronic monitoring in a criminal investigation).

Doc. No. 172 at 5-6. Judge Williams is correct. Even if the Government violated the policies set out in Exhibit J, that violation does not give defendant a right to have the indictment dismissed or to have agent Dodd excluded from testifying. Accordingly, I will overrule defendant's objection to this portion of the R&R and accept Judge Williams' recommendation.

Finally, defendant argues that the Government violated *Brady* by not disclosing the confidential informant information earlier. "Under *Brady* and its progeny, prosecutors have a duty to disclose to the defense all material evidence favorable to the accused, including impeachment and exculpatory evidence." *United States v. Robinson*, 809 F.3d 991, 996 (8th Cir. 2016) (internal citations omitted). Additionally:

> "Brady suppression occurs when the government fails to turn over even evidence that is 'known only to police investigators and not to the prosecutor.'" *Youngblood v. West Virginia*, 547 U.S. 867, 869–70, 126 S. Ct. 2188, 165 L.Ed.2d 269 (2006) (*per curiam*) (quoting *Kyles*, 514 U.S. at 438, 115 S. Ct. 1555); *Kyles*, 514 U.S. at 437, 115 S.Ct. 1555 ("[T]he individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police."); *see also D'Ambrosio v. Marino*, 747 F.3d 378, 389 (6th Cir.2014); *United States v. Osorio*, 929 F.2d 753, 762 (1st Cir. 1991) ("Ultimately, regardless of whether the prosecutor is able to frame and enforce directives to the investigative agencies to respond candidly and fully to disclosure orders, responsibility for failure to meet disclosure obligations will be assessed by the courts against the prosecutor and his office.").

*Robinson*, 809 F.3d at 1004 (Kelly, J., concurring in part and dissenting in part). Finally, "[u]nder the rule in our circuit *Brady* does not require pretrial disclosure, and due process is satisfied if the information is furnished before it is too late for the defendant to use it at trial." *United States v. Ferguson*, 531 F. App'x 773, 776 (8th Cir. 2013) (*citing United States v. Whitehill*, 532 F.3d 746, 753 (8th Cir.2008)).

In this case, it appears that the Government did not provide the above-discussed information regarding the informant prior to the detention hearing. However, it is undisputed that defendant has had access to the information since at least March 31, 2016 (the date the motion to dismiss was filed) – nearly two months in advance of the May 16, 2016 trial date. Judge Williams correctly found that "[d]efendant clearly has the information . . . in advance of trial, and so his *Brady* argument fails." Doc. No. 172 at 4. I overrule defendant's objection to this portion of the R&R and accept Judge Williams' recommendation.

9

## IV. CONCLUSION

Based on my *de novo* review of the issues raised in defendant's motion to dismiss (Doc. No. 146) and in his objection (Doc. No. 174) to the R&R (Doc. No. 172), defendant's objection is **sustained in part** and **overruled in part**, as follows:

1. I **decline to accept** that portion of the R&R in which Judge Williams recommends that the motion to dismiss be denied as untimely.

2. I **accept** those portions of the R&R in which Judge Williams recommends that the motion to dismiss be denied because defendants' arguments are without merit.

As such, defendant's motion to dismiss (Doc. No. 146) is **denied**.

**IT IS SO ORDERED.**

**DATED** this 28th day of April, 2016.

_____
LEONARD T. STRAND
UNITED STATES DISTRICT JUDGE