# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR14-4082-LTS |
| Plaintiffs, | |
| vs. | **ORDER ON DEFENDANT'S MOTIONS** |
| BRANDON LEE HAYES, | |
| Defendant. | |

## I. INTRODUCTION

Defendant Brandon Lee Hayes, representing himself, filed multiple motions in this matter. Specifically, he filed the following entitled pleadings: (1) Motion for The Court to Take Notice of the Government's Failure to Comply with Modified Discovery Order (Doc. 225); (2) Motion for Ex Parte Hearing (Doc. 232); (3) Sealed Correspondence by Defendant (Doc. 233); (4) Motion for Hearing Regarding Trial Management Order and Stipulated Discovery Order (Doc. 234); and (5) Motion in Limine to Government's Response to Proposed Jury Instructions (Doc. 235). On June 1, 2016, the court held a hearing on these motions. The court grants the motions and pleadings to the extent and for the reasons set forth below.[1]

---

[1] The court will address defendant's Motion for an Ex Parte Hearing regarding a subpoena request in a separate, sealed order.

## II.    DISCUSSION

### A.    Pro Se Motion for The Court to Take Notice of the Government's Failure to Comply with Modified Discovery Order (Doc. 225)

Defendant's asks the court to "take notice and move the court in failure of the Government to comply" with the Modified Discovery Order at Doc. 207. Doc. 225, at 1. The motion also reads that "no motions were filed for reasons why the government should not on or from the Plaintiffs side turn over." *Id.* In defendant's previous motion (Doc. 207), defendant asked "Pursuant to Federal Rules of Criminal Procedure 16 and local Rule 16.1 and all other applicable rules and statutes, for the Government to disclose immediately any previously undisclosed information . . . material to the issues of [defendant's] guilt, innocence, or sentencing." Doc. 207, at 1. Specifically, defendant asked for grand jury transcripts, defendant's statements, information on government's witnesses, arrest reports and audio/videotape relating to defendant's arrest, disclosures of officer misconduct, and scientific reports. *Id.* at 1–7.

As the United States Supreme Court in *Weatherford v. Bursey* stated "[t]here is no general constitutional right to discovery in a criminal case." *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977). On May 12, 2016, this court ordered that: (1) defendant does not have a general pretrial right to access grand jury transcripts *see United States v. Bruton*, 647 F.2d 818, 824 (8th Cir. 1981), but the government will provide defendant with transcript information to the extent it is obliged under law to do so; (2) defendant is entitled to copies of his statements under Rule 16 of the Federal Rules of Criminal Procedure; (3) the government does not have a pretrial duty to disclose general information about its witnesses to defendant, unless such information falls within *Brady* and *Giglio*, but the government must provide the list of its witnesses' names to defendant pursuant to the court's trial scheduling order seven days before trial; (4) government has no duty to provide defendant with all tapes, texts, notes, and reports from its investigation

unless any such information falls under *Brady*, *Giglio*, the Jencks Act, Rule 16 of Federal Rules of Criminal Procedure, or Rule 404(b) of the Federal Rules of Evidence; (5) defendant's request for general pretrial disclosure of information pertaining to officers' misconduct is denied with the exception of any information that qualifies as *Brady* or *Giglio* material; and (6) defendant's request for reports of scientific tests and results is governed by Rule 16 of the Federal Rules of Criminal Procedure and as such defendant is entitled to pretrial disclosure of such information. Doc. 211, at 5–7.

At the hearing, the government explained that it had produced everything in discovery and continues to provide updated discovery as it obtains new information. It became apparent at the hearing, however, that the government did not fully appreciate the need to provide defendant personally with discovery now that he is no longer represented by counsel. It is not sufficient to provide standby counsel with discovery, because standby counsel cannot, under the terms of the stipulated discovery order previously entered in this case, provide the defendant with copies of the discovery file. Rather, now that defendant is acting as his own attorney, discovery must be produced to him personally. Defendant is not a party to the stipulated discovery order in this case, so the government's obligation to produce discovery is governed by Rule 16 and the Jencks Act, and the government must provide defendant with information required by *Brady* and *Giglio*.

Accordingly, the court reiterates its order above (Doc. 211) ruling on defendant's Modified Discovery Order (Doc. 207). The government must provide defendant with all information pursuant to the court's order above (Doc. 211) and pursuant to Rule 16 of the Federal Rules of Criminal Procedure. This means that the government must provide directly to defendant, or make accessible to him in Woodbury County Jail, or elsewhere, all information required under Rule 16 absent a showing of a security risk (*e.g.*, it would pose a security concern to give defendant copies of certain documents if such documents

3

would be disseminated within the jail among the inmates). The government may, of course, and is encouraged to disclose information beyond the scope of Rule 16 to defendant to facilitate an easier discovery process moving forward, but it is not obligated to do so. Although, the government must continue to provide standby counsel R. Scott Rhinehart with any additional discovery, disclosure to Mr. Rhinehart does not satisfy the government's obligation to produce discovery now to the defendant. The government should, in that regard, move forward with defendant as if Mr. Rhinehart does not exist. The burden of figuring out the logistics of getting the Rule 16 materials to defendant in this matter falls on the government. Proposals suggested by the court at the hearing included having the U.S. Attorneys' Office coordinate with Woodbury County Jail to obtain a separate room in the jail for defendant to study all discovered materials if feasible, or in the alternative to coordinate with the U.S. Marshal's for the transportation of defendant to a holding cell in this courthouse for the purpose of giving him access to such documents. Accordingly, the court **grants** defendant's motion to receive Rule 16 materials from the government.

### B. *Sealed Correspondence by Defendant (Doc. 233)*

Defendant filed a note addressed to standby counsel Scott Rhinehart. Doc. 233. The note read: "Scott Rhinehart. The Jury Selection and Service Act. 28 U.S.C. §§ 1861-78. Please If you can get this for me. Brandon Hayes." *Id.*, at 1. At the hearing, Mr. Rhinehart indicated that he had not previously received defendant's note, but now that he had he would "get it for him [defendant]." Thus, this matter is now resolved.

### C. Pro Se Motion for Hearing Regarding Trial Management Order and Stipulated Discovery Order (Doc. 234)

Defendant "move[s] the courts to grant a hearing in regard to Doc 133 filed 02-23-16. One [sic] defendant was arrested on 11-21-2014. During the following Detention Hearing held on 11-25-2014 Defendants [sic] Attorney Brad Hansen entered without Defendants [sic] knowledge into a standard discovery terms [sic]." Doc. 234, at 1.

At the hearing, defendant said:

> You've [the court] already spoke of it earlier when you said that we're no longer under the standard order of discovery. I believe that the issue has already been addressed today by what you had already addressed by the Rule 16 . . . So you pretty much answered all the questions in regard to this document [Doc. 234].

Thus the defendant's concern reflected in Doc. 234 is now moot given the court's ruling on Doc. 225.

### D. Pro Se Motion in Limine to Government's Response to Proposed Jury Instructions (Doc. 235)

Defendant's motion here "asserts evidentiary issues for consideration by the court prior to trial. Defendant believes that the Government will attempt to introduce the theory that the informant witness was not a 'participant' witness." Doc. 235, at 1. Defendant cites to government's response to proposed jury instructions at Doc. 193. In summary, defendant contests how the government will refer to its paid government witness at trial.

At the hearing, the government explained in some detail the role of the informant in this case, and outlined his anticipated testimony. It appears that defendant may still desire the court enter an order governing how the government refers to the informant. The court directed the government to file a response to this motion in limine, and advised the parties that this will be an issue that the trial judge will take up at trial.

### *III. CONCLUSION*

For the foregoing reasons, the court grants defendant's motions and pleadings as follows:

(1) Defendant's motion for The Court to Take Notice of the Government's Failure to Comply with Modified Discovery Order (Doc. 225) is **granted**;

(2) Defendant's Sealed Correspondence (Doc. 233) matter was **resolved at hearing**;

(3) Defendant's motion for Hearing Regarding Trial Management Order and Stipulated Discovery Order (Doc. 234) is deemed **moot**; and

(4) Defendant's motion In Limine to Government's Response to Proposed Jury Instructions (Doc. 235) is **held in abeyance** for the trial judge, Judge Leonard T. Strand, to address at or before trial.

**IT IS SO ORDERED** this 2nd day of June, 2016.

_____
C.J. Williams
United States Magistrate Judge
Northern District of Iowa