# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiffs,<br><br>vs.<br><br>BRANDON LEE HAYES,<br><br>Defendant. | No. CR14-4082-LTS<br><br>**REPORT AND RECOMMENDATION DENYING DEFENDANT'S MOTION TO DISMISS COUNT ONE OF THE INDICTMENT** |

## I.     INTRODUCTION

The matter before the Court is defendant's motion to dismiss count one of the indictment. Doc. 315. The government filed a resistance. Doc. 318. Defendant filed a reply. Doc. 321. The grand jury charged defendant in a three-count indictment with the following crimes: (1) Possession of a Firearm by a Felon, 18 U.S.C. §922(g)(1); (2) Possession of a Firearm with an Obliterated Serial Number, 18 U.S.C. §922(k); and (3) Possession of a Firearm by a Prohibited Person, 18 U.S.C. §922(g)(9). Doc. 2. A jury convicted defendant on all counts. Doc. 297. Sentencing is scheduled for December 2, 2016. Doc. 317.

Defendant argues that counts one and three are multiplicitous because they charge defendant with different Section 922(g) violations for a single incident of firearm possession. Defendant seeks the dismissal of count one and the completion of a new Presentence Report prior to sentencing. Doc. 315, at 2. In the alternative, defendant seeks a new trial. *Id.*

Government concurs that count one and three are "alternative violations of 18 U.S.C. § 922(g)" and states that "for purposes of sentencing, are multiplicious [sic]." Doc. 318, at 2. The government asserts that count one and count three should

"operationally merge so that defendant is sentenced for only one act of unlawful possession of a firearm (as an armed career criminal)." *Id.* Specifically, the government proposes, instead of dismissing count one, that the Court merge counts one and three into one count of conviction and then sentence defendant under "a single violation" of Section 922(g). *Id.* Furthermore, government asserts that a new trial is inappropriate because defendant has not been prejudiced. *Id.*

For the reasons that follow, I recommend the Court deny defendant's motion to dismiss Count 1, and deny his alternative request for a new trial, and instead merge Counts 1 and 3 for purposes of judgment and sentencing.

## II.  ANALYSIS

As the Eighth Circuit Court of Appeals in *United States v. Woolsey* explained:

> "The rule against multiplicitous prosecutions is based on the Fifth Amendment's Double Jeopardy Clause, which 'protects against multiple punishments for the same offense.'" *United States v. Emly,* 747 F.3d 974, 977 (8th Cir. 2014) (citations omitted). When "an indictment includes more than one count charging the same statutory violation," the court must determine "whether Congress intended the facts underlying each count to make up a separate unit of prosecution." *Id.* (internal quotation marks omitted).

*United States v. Woolsey*, 759 F.3d 905, 907 (8th Cir. 2014).  "An indictment is multiplicitous when it charges a single offense in more than one count." *United States v. Robbins*, No. 11-00082-01-CR-W-DGK, 2012 WL 5462935, at *2 (W.D. Mo. Oct. 18, 2012), *report and recommendation adopted*, No. 11-00082-01-CR-W-DGK, 2012 WL 5462934 (W.D. Mo. Nov. 8, 2012) (internal citations omitted).  Multiplicity does not make an indictment inoperative.  *See United States v. Johnson*, No. CR-07-50127 AWB, 2008 WL 2845639, (D. S.D. July 18, 2008) (not reported) (holding that

multiplicity is non-fatal to an indictment) (citations omitted). The primary danger of a multiplicitous indictment is that it could result in multiple punishments for a single offense. *United States v. Roy*, 408 F.3d 484, 492 (8th Cir. 2005) ("The 'principal danger that the multiplicity doctrine addresses' is the risk that a defendant might receive multiple punishments for a single offense.") (quoting *United States v. Webber*, 255 F.3d 523, 527 (8th Cir. 2001)). A secondary danger of a multiplicitous indictment is that it could "suggest to the jury that the defendant committed more than one crime." *United States v. Christner*, 66 F.3d 922, 927 (8th Cir. 1995) (internal quotation marks and citations omitted).

### A. Motion to Dismiss

Both parties concur that *United States v. Richardson*, 439 F.3d 421 (8th Cir. 2006) is applicable here. I agree. In *Richardson*, the defendant, a drug user and felon, possessed a firearm on February 4, 2003. *Richardson*, 439 F.3d at 422. From this single incident of possession, the government charged the defendant with one count of being a felon in possession of a firearm under Section 922(g)(1), and one count of being a drug user in possession of a firearm under Section 922(g)(3). *Id*. The jury convicted defendant of both counts. *Id*. The Eighth Circuit Court of Appeals reversed its prior decision to the contrary and joined all of the other Circuit Courts of Appeal in holding that "Congress intended the 'allowable unit of prosecution' to be an incident of possession regardless of whether a defendant satisfied more than one §922(g) classification, possessed more than one firearm, or possessed a firearm and ammunition." *Id*. (internal citation omitted). Accordingly, the court remanded the case to the district court to vacate the sentence and instructed the district court to merge the conviction counts and sentence the defendant based on a single conviction under 18 U.S.C. § 922(g). *Richardson*, 439 F.3d at 422-23.

*Richardson* applies here. This case involves a single incident of firearm possession. The possession occurred on or about June 23, 2014. Only one firearm was involved. No ammunition was involved. Therefore, both count one and count three involve defendant's possession of the same firearm on the same date. I agree that defendant cannot be sentenced on both count one and count three as this would be multiplicitous.

Defendant, however, wants the Court to vacate a conviction; namely, dismiss count one. On the other hand, the government proposes that counts one and three merge and that the Court treat them as a single conviction under Section 922(g) for sentencing purposes. Defendant replies that merging the convictions will "leave[ ] the Defendant with a duplicate felony conviction on this record, an obligation for a $100 special assessment [and] also allows the Court to conceivably consider the conviction or Count I for enhancement purposes." Doc. 321, at 1.

Vacating a conviction is a drastic and inappropriate step. *See United States v. Haas*, 599 F. Supp. 2d 1061, 1064 (N.D. Iowa 2008). Rather, the appropriate remedy is merger and sentencing based on a single count of conviction. *See, e.g., United States v. Platter*, 514 F.3d 782, 787 (8th Cir. 2008) ("Eighth Circuit precedent, which provides that the proper remedy when a defendant is convicted of multiplicitous counts is merger of the counts into one count, not a retrial under just one theory of liability"); *Richardson*, 439 F.3d at 423 (holding that the counts of conviction under Section 922(g)(1) and (3) for a single incident of possession should be merged into one count and defendant should be resentenced based on a "single conviction under 18 U.S.C. §922(g)"); *Roy*, 408 F.3d at 492 n.4 ("[W]e direct the government in future cases to our prior holding, where a statute specifies two or more ways in which one offense may be committed, all may be alleged in the conjunctive in one count of the indictment, and proof of any one of the methods will sustain a conviction . . . [this] procedure would adequately inform the

4

defendant of each allegation that he must defend against while solving any potential multiplicity problems.") (internal quotation marks and citation omitted). Therefore, the Court should merge counts one and three for sentencing purposes and impose a single sentence for the single violation of Section 922(g). That will avoid the principal danger of multiplicity.

Defendant remains concerned about having multiple counts of conviction appear on his judgment and his exposure to multiple Special Assessments. The Court can resolve this issue through properly drafting the judgment. The judgment in this case should reflect that defendant was "found" guilty of Counts 1 and 3, but is "adjudged" guilty of the merged Counts 1 & 3, with the imposition of a single Special Assessment. *See United States v. Shorter*, 328 F.3d 167, 173 (4th Cir. 2003) (affirming judgment which reflected that defendant was "found guilty" of Counts 8 (charging felon in possession of a firearm) and 9 (charging drug user in possession of a firearm) because the judgment further reflected that defendant was "adjudged" guilty of Counts "Eight and Nine (merged for sentencing purposes)" and imposed a single $100 Special Assessment). *See also United States v. Gambo*, 439 F.3d 796, 808 (8th Cir. 2006) (remanding to district court for resentencing with instructions to have judgment reflect multiplicitous gun counts were "merged" and to impose a Special Assessment on only one of the two counts of conviction).

Finally, defendant requests the United States Probation Office draft a new Presentence Report. The current draft of the Presentence Report (Doc. 303) reflects that counts one through three are grouped under a single offense level under the United States Sentencing Guidelines. Thus, the guidelines calculation remains unchanged whether Counts 1 and 3 were treated as separate offenses or merged. This portion of the report will not, therefore, need to be changed. The Probation Office should, however, amend

the draft report to reflect Counts 1 and 3 merge for purposes of the judgment and that a single $100 Special Assessment will be imposed for the merged counts.

### B. Motion for a New Trial

Defendant requests, in the alternative, a new trial. I recommend the Court similarly deny this requested relief. "A multiplicitous indictment requires remand for a new trial only if the multiplicity prejudices the defendant." *United States v. Emly*, 747 F.3d 974, 980 (8th Cir. 2014) (citation omitted). Defendant's motion does not raise any specific arguments as to how defendant was prejudiced. Indeed, defendant does not even allege that he was prejudiced by the multiplicitous indictment other than with regard to his sentencing. The closest he comes is, in his reply brief, when he states that "the purpose for the rule it [sic] to prevent the jury from assuming multiple offenses and convictions for the same single crime." Doc. 321, at 1. In this case, I do not, on my own review of the record, find prejudice.

First, instructions directing the jury to consider each charge separately ensures the multiplicitous count will not influence the jury's verdict on the valid count. *United States v. Chipps*, 410 F.3d 438, 449 (8th Cir. 2005); *see also United States v. Robertson*, 606 F.3d 943, 953 (8th Cir. 2010). Here, the Court instructed the jury to consider each charge separately. *See* Doc. 283 (Jury Instruction 1, p. 1).

Second, when evidence as to the valid counts is strong, "any effect that the multiplicitous counts could have had on the jury would have been negligible, and not sufficiently strong to warrant retrial." *Chipps*, 410 F.3d at 449. The government presented substantial evidence of defendant's knowing possession of the firearm. Defendant personally sold the firearm to an undercover agent during a recorded transaction in which a cooperating witness was present. Defendant stipulated that he had been convicted of a felony offense and a misdemeanor crime of domestic violence. Doc.

291. The government presented expert testimony by Special Agent Kelly Etnier that the weapon was a firearm as defined by federal law and that it traveled in interstate commerce.

Third, the jury did not hear any evidence it otherwise would not have heard. Drafted properly, a single count of the indictment would have alleged the law prohibited defendant from possessing a firearm for two reasons: (1) he was a felon; and (2) he had been convicted of a misdemeanor crime of domestic violence. The government would have been permitted to present evidence as to both grounds for which it alleged defendant was prohibited from possessing the firearm. Federal Rule of Criminal Procedure 7(c)(1) expressly permits the government to allege "that the defendant committed [an offense] by one or more specified means." "[W]here a statute specifies two or more ways in which one offense may be committed, all may be alleged in the conjunctive in one count of the indictment, and proof of any one of the methods will sustain a conviction." *Roy*, 408 F.3d at 492 n.4 (internal marks omitted).

Finally, the jury found defendant guilty of both Counts 1 and 3; thus, there is no possibility that the jury reached a comprise verdict as a result of its exposure to evidence that defendant was both a felon and a misdemeanant domestic abuser. *See Platter*, 514 F.3d at 787 (holding defendant was not prejudiced by multiplicitous counts where jury returned guilty verdicts finding he was prohibited from possessing a firearm because he was both a felon and an unlawful drug user).

Accordingly, I find that defendant did not suffer prejudice as a result of the jury having the option of finding him guilty of multiple counts versus having the option of finding him guilty of a single count by multiple means.

## III. CONCLUSION

For the foregoing reasons, I RESPECTFULLY RECOMMEND that defendant's motion to dismiss count one of the indictment (Doc. 315) be **denied** and that the Court similarly **deny** his alternative request for a new trial.

Objections to this Report and Recommendation in accordance with 28 U.S.C. § 636(b)(1) and FED. R. CRIM. P. 59(b) must be filed within fourteen (14) days of the service of a copy of this Report and Recommendation. Objections must specify the parts of the Report and Recommendation to which objections are made, as well as the parts of the record forming the basis for the objections. *See* FED. R. CRIM. P. 59. Failure to object to the Report and Recommendation waives the right to *de novo* review by the district court of any portion of the Report and Recommendation as well as the right to appeal from the findings of fact contained therein. *United States v. Wise*, 588 F.3d 531, 537 n.5 (8th Cir. 2009).

**IT IS SO ORDERED** this 13th day of September, 2016.

_____
C.J. Williams
United States Magistrate Judge
Northern District of Iowa