# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>BRANDON LEE HAYES,<br><br>Defendant. | No. CR14-4082-LTS<br><br>**ORDER** |

This matter is before me on a Report and Recommendation (R&R) (Doc. No. 324) in which the Honorable C.J. Williams, Chief United States Magistrate Judge, recommends that I deny defendant's motion to dismiss Count 1 of the indictment (Doc. No. 315). Defendant filed a timely objection to the R&R (Doc. No. 333), the Government filed a response (Doc. No. 337) and defendant filed a reply (Doc. No. 343).

## I.   BACKGROUND

### A.   *Relevant Procedural History*

This case has a long, complex procedural history. However, little of that history is relevant to the pending motion. In short, on November 18, 2014, the grand jury returned an indictment (Doc. No. 2) charging defendant Brandon Lee Hayes with three counts related to the possession of a firearm. On June 30, 2016, a jury convicted Hayes of all three counts. Doc. No. 297. Hayes then filed a motion for a new trial pursuant to Federal Rule of Criminal Procedure 33, which I denied. Doc. No. 306. He subsequently filed the present motion to dismiss (Doc. No. 315) asking that I vacate one of his convictions and/or grant a new trial.

B.   *Relevant Facts*

The only facts relevant to the present motion are: (1) Hayes was convicted of both Counts 1 and 3 of the Indictment, which charged him with possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1) and possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g)(9), and (2) both convictions arose from the same incident of possessing a single firearm.[1]

C.   *The R&R*

In his motion to dismiss Count 1, Hayes argued:

> The Defendant was charged in Count I with Possession of a Firearm by a Felon, under §922(g)(1). In Count III, he was charged with Possession of a Firearm by a Prohibited Person under §922(g)(9). Under the holding of *United States v. Richardson*, 439 F.3d 421 (8th Cir. 2006) the charges are multiplicitous. Accordingly, Congress intended the "allowable unit of prosecution" to be an instant of possession regardless of whether a defendant satisfied more than one (1) §922(g) classification. Accordingly, there was one (1) firearm in this case, no ammunition, and the Indictment in this case violates the Rule Against Multiplicity. In the alternative, Defendant prays for a new trial. The jury's verdict is a violation of the rule against multiple convictions based upon the same criminal act.

Doc. No. 315 at 1. In its response, the Government agreed that *Richardson* establishes the applicable legal standard and that the "charges in Counts 1 and 3 are alternative violations of 18 U.S.C. § 922(g) (prohibited possession of a firearm) which, for purposes of sentencing, are multiplicitous." Doc. No. 318 at 2. However, the Government disagreed that the proper remedy is either a new trial or the dismissal of Count 1. Rather, the Government argued that "at sentencing, Counts 1 and 3 should operationally merge

---

[1] Hayes was also convicted of Count 2 of the indictment, which charged him with possession of a firearm with removed, obliterated or altered serial number. That conviction is not implicated by the present motion.

2

so that defendant is sentenced for only one act of unlawful possession of a firearm (as an armed career criminal)." *Id*.

Judge Williams agreed with the Government. He concluded that "the Court should merge counts one and three for sentencing purposes and impose a single sentence for the single violation of Section 922(g). That will avoid the principal danger of multiplicity." Doc. No. 324 at 5. Judge Williams also found that new trial is not appropriate because defendant has failed to show prejudice as a result of being charged separately. *Id*. at 7.

## II.  APPLICABLE STANDARDS

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Crim. P. 59(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of*

3

*Bessemer City*, 470 U.S. 564, 573-74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). However, a district judge may elect to review an R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985).

### III. DISCUSSION

#### A. The Objection

In his objection, Hayes argues that a post-trial "merger" of Counts 1 and 3 is not allowed by Eighth Circuit precedent:

> The 8th Circuit determined in *United States v. Roy* that the proper procedure is to vacate the judgment, not to merge it and/or not to ignore it as a non-prejudicial item. In *Roy* . . . the ultimate handling to be given is complete vacation of that count. Of course, the other appropriate option is to provide a new trial based upon the fact that the jury was not instructed that they could not convict the Defendant of two 922(g) counts.

Doc. No. 333 at 1. The Government contends that such merging is allowed:

> For strategic reasons (*see, e.g. United States v. Dahms*, 938 F.2d 131 (9th Cir. 1991) (successful challenging status of convicted felon based on state restoration of civil rights)), the government properly drafted the indictment charging both felon in possession of a firearm under 18 U.S.C. § 922(g)(1) and possession of a firearm by a prohibited person (prior domestic abuse conviction) under 18 U.S.C. § 922(g)(9). As rightly noted by the Court, these alternative multiplicitous 922(g) counts should merge for sentencing purposes, as they arise out of the same incident of conduct.

Doc. No. 337 at 1. In reply, Hayes states:

> the Government cites the Ninth Circuit case of *United States v. Dahms*, 938 F.2d 131 (9th Cir. 1991) as authority for the Court to merge the charges

4

instead of dismissing the multiplicitous count in the Indictment. Defendant points out to the Court that Defendant has set forth applicable Eighth Circuit law, not Ninth and Fourth Circuit law on what is to be done in this situation.

Doc. No. 343 at 1.

B.   *Analysis*

At the outset, it is clear that this case should not have proceeded to trial on both Count 1 and Count 3. Convictions on multiple counts for the same conduct arising from the same incident violate the Double Jeopardy Clause of the constitution. *United States v. Bennett*, 44 F.3d 1364, 1368 (8th Cir.1995). The Eighth Circuit has unambiguously directed the Government regarding the proper procedure in prosecuting this type of case:

> [W]e direct the government in future cases to our prior holding that, where a "statute specifies two or more ways in which one offense may be committed, all may be alleged in the conjunctive in one count of the indictment, and proof of any one of the methods will sustain a conviction." *Gerberding v. United States*, 471 F.2d 55, 59 (8th Cir. 1973). This method of procedure would adequately inform the defendant of each allegation that he must defend against while solving any potential multiplicity problems.

*United States v. Roy*, 408 F.3d 484, 492 n. 4 (8th Cir. 2005). A year later the Eighth Circuit stated that:

> We now overrule *Peterson* and join all the other Circuits that have addressed this issue to hold that Congress intended the "allowable unit of prosecution" to be an incident of possession regardless of whether a defendant satisfied more than one § 922(g) classification, possessed more than one firearm, or possessed a firearm and ammunition.

*United States v. Richardson*, 439 F.3d 421, 422 (8th Cir. 2006). Thus, there is no question that this indictment, which charged separate counts under 18 U.S.C. § 922(g) arising from the same incident of possession, presented a multiplicity problem that violated the Double Jeopardy Clause. The Government erred by not following the procedure set forth in *Roy*. The Government should have listed the separate, alleged §

922(g) violations as alternatives under one count. However, now that the case has been tried and the jury has returned guilty verdicts on both Count 1 and Count 3, I must consider the appropriate remedy.

As set out above, Judge Williams found that a post-trial merger of the counts is appropriate and recommended that I issue only one sentence on the merged counts. Judge Williams specifically found that vacating or dismissing one conviction is not appropriate. In support of that conclusion, he cited the cases previously discussed along with *United States v. Haas*, 599 F. Supp. 2d 1061, 1064 (N.D. Iowa 2008), *United States v. Platter*, 514 F.3d 782, 787 (8th Cir. 2008) and *United States v. Gambo*, 439 F.3d 796, 808 (8th Cir. 2006). None of those cases reach the conclusion suggested in the R&R.

In *Richardson*, after remand, the Minnesota district court vacated one of Richardson's convictions. *See United States v. Richardson*, CR03-0074-DWF, Doc. No. 97 at 1 (D. Minn. 2006) ("Count[] Two [is] vacated on the motion of the United States per Eighth Circuit Ruling."). In *Roy*, the Eighth Circuit stated:

> Because the district court sentenced Roy to one term of 90 months imprisonment and one $100 special assessment to cover both counts 3 and 4, it is clear that Roy did not receive multiple sentences for the same offense. Notwithstanding the lack of a second sentence, however, Roy's second conviction amounts to an impermissible cumulative punishment in violation of double jeopardy. . . Accordingly, one of Roy's convictions on counts 3 and 4 must be vacated.

*Roy*, 408 F.3d 484, 492 (8th Cir. 2005) (internal citations omitted).

*Haas*, another case that went to trial before this court on multiplicitous counts, Judge Reade ruled on a similar post-trial motion, stating: "The court shall order that the other count be dismissed upon final affirmance of Defendant's conviction. The court shall vacate Section VII.B.3 of the Order (docket no. 95), in which the court held that judgment could enter on both counts." *Haas*, 599 F. Supp. 2d at 1074, *aff'd*, 623 F.3d 1214 (8th Cir. 2010).

In *Platter*, also before this court, Judge Reade recognized that multiple counts under § 922(g) were multiplicitous and ordered that the two counts be merged *prior* to trial and presented to the jury as alternate theories. *U.S. v. Platter*, CR06-2012, Doc. No. 51 at 9. Accordingly, that case is not analogous to this situation.[2] Finally, in *Gamboa*, the Eighth Circuit considered a nearly identical situation in which the defendant had been convicted of two separate violations of 18 U.S.C. § 922(g) and stated:

> we grant the Government's pending request to merge the convictions on Counts Six and Seven, and remand Count Seven to the district court with instructions to *vacate the conviction*, the sentence, and the special assessment imposed on that Count.

*Gamboa*, 439 F.3d at 808 (emphasis added). While the Eighth Circuit used the word "merge" it expressly stated that the conviction on one of the multiplicitous counts should be vacated. In short, none of these cases suggest that I can merge two convictions for sentencing without vacating one of them. To the contrary, they instruct that one of the convictions must be vacated. Accordingly, I cannot accept this aspect of Judge Williams' R&R.[3]

---

[2] Additionally, although Judge Reade textually denied the defendant's motion to dismiss, she effectively granted that motion by permitting only one count to proceed to trial. *See* CR06-2012, Doc. No. 59 (Verdict Form).

[3] The one case cited by Judge Williams that clearly supports the procedure he recommends is *United States v. Shorter*, 328 F.3d 167, 173 (4th Cir. 2003). However, that case is from the Fourth Circuit and is not precedential. Additionally, one Fourth Circuit judge vigorously dissented from the portion of the opinion allowing the multiplicitous convictions to stand even if they "merged" for sentencing. See *Shorter*, 328 F.3d at 175 (Michael, J. dissenting), stating:

> Shorter was convicted twice for a crime he only committed once. There is no public good to be served by allowing the extra conviction to stand. Retaining the conviction is unfair to Shorter, and it makes our system look bad. Because all of the requirements for plain error relief are satisfied, I would vacate one of Shorter's § 922(g) convictions.

I do agree with Judge Williams that a new trial is not warranted. "A multiplicitous indictment requires remand for a new trial only if the multiplicity prejudices the defendant." *United States v. Emly*, 747 F.3d 974, 980 (8th Cir. 2014) (citation omitted). This is because "instructions that direct the jury to consider each charge separately ensure that the jury's verdict on the valid counts will not be influenced by the multiplicitous counts." *Id*. In this case the jury was instructed:

> The defendant is entitled to have each charge against him considered separately, based solely on the evidence that applies to that offense. *Therefore, you must give separate consideration to each charge against the defendant and return a separate, unanimous verdict on each charge.*

Doc. No. 281-1 at 2 (emphasis in original). Accordingly, the presence of separate counts was not in and of itself prejudicial under Eighth Circuit law. There was no inconsistency in the verdicts, as all were guilty. As Judge Williams noted, and as I previously found (Doc. No. 306), there was substantial evidence to support the jury's verdicts. Finally, no sentencing prejudice will occur because I agree that one conviction must be dismissed. Accordingly, a new trial is not warranted.

## IV. CONCLUSION

Based on my de novo review of R&R (Doc. No. 324), defendant's objection (Doc. No. 333) is **sustained in part** and **overruled in part**, as follows:

1. I **decline to accept** that portion of the R&R in which Judge Williams recommends that the motion to dismiss Count 1 (Doc. No. 315) be denied. Instead, the motion is **granted**. Count 1 of the indictment is **dismissed** and defendant's conviction on Count 1 is **vacated**.

2. I **accept** that portion of the R&R in which Judge Williams recommends that defendant's motion for a new trial be denied.

3. This case will proceed to sentencing with regard to Counts 2 and 3.

**IT IS SO ORDERED.**

**DATED** this 11th day of May, 2017.

                                                                                  _____
                                                                                 Leonard T. Strand, Chief Judge